## W. A. SHEAFFER PEN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36604. Promulgated April 3, 1933.

*E. H. Pollard, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

1058

1060

OPINION.

LANSDON: The petitioner's first contention is that by reason of the inclusion of a duly executed Form 1122 in the consolidated return, the Commissioner was without authority to assess any tax against the Kraker Pen Company. Its counsel argues that the return and the facts clearly indicate an agreement that the entire tax liability under the consolidated return should be assessed to the petitioner. In many proceedings in which no such agreement was proved, we have held that the respondent, under the law, must prorate the tax liability shown on a consolidated return to the several members of an affiliated group in proportion to their respective incomes. *Phoenix National Bank*, 14 B. T. A. 115; *Crystal Block Coal & Coke Co.*, 15 B. T. A. 600; *Aragon Mills*, 17 B. T. A. 257; *American Textile Woolen Co.*, 23 B. T. A. 670; *Morganite Brush Co.*, 24 B. T. A. 776; *Furniture Exhibition Building Co.*, 24 B. T. A. 1279. The courts have quite consistently adopted the view that in the absence of any agreement the tax shown upon a consolidated return must be ratably assessed against the several members of the affiliation. *Essex Coal Co.* v. *Commissioner*, 39 Fed. (2d) 892; *Popular Priced Tailoring Co.* v. *Commissioner*, 33 Fed. (2d) 464. In *Sheffield Dentifrice Co.*, 13 B. T. A. 877, there was an agreement that all the tax due on a consolidated return should be paid by the New England Collapsible Tube Company, and we held that no part of such tax was assessable against another member of the affiliated group. In the light of the above decisions it is clear that the settled law requires the Commissioner to assess the tax shown on a consolidated return in conformity with the agreement between the affiliated corporations. It follows, therefore, that the Kraker Pen Company was not liable to assessment for any income and profits tax due under the consolidated return and that its assets when transferred to the petitioner at December 31, 1921, were impressed with no trust in favor of the Government for unpaid taxes for the year 1920. It is not necessary to decide whether the waivers executed for the taxpayer by the petitioner or its officers are valid. The tax in question was not assessable against the Kraker Pen Company and the validity of waivers of the time for assessment thereof is wholly immaterial to any issue here involved.

Under the terms of the agreement only the petitioner was liable for any assessment under the consolidated return, and at December 31, 1921, when it took over all the assets of the taxpayer, it became liable at law for all the unpaid obligations of the dissolved corporation. Unless extension by consent had been obtained the period within which such an assessment could be made expired on March 15, 1926. Valid waivers extended the time to December 31, 1927. No assessment was made before that date, but on January 24, 1928, the Commissioner notified the petitioner that it was liable as a transferee for the unpaid income and profits taxes of the taxpayer for the year 1920. The petitioner's liability to assessment as a taxpayer, which it was in fact and in law in the circumstances herein, was tolled at December 31, 1927. In our opinion such liability can not later be revived by a determination under section 280. See *Oswego Falls Corp.*, 26 B. T. A. 60.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

ARUNDELL, dissenting: I desire to state briefly the basis of my dissent from the majority opinion. Section 230, Revenue Act of 1918, imposes a tax " upon the net income of every corporation " and the company whose income is in question here is the Kraker Pen Company. Under section 240 of the same act the W. A. Sheaffer Pen Company and the Kraker Pen Company were affiliated and were thus required to file a consolidated return, which they did. A corporation does not cease to be a taxpayer, however, by reason of affiliation. *Woolford Realty Co. v. Rose*, 286 U. S. 319. The provision in section 240 which permits corporations joining in a consolidated return to agree upon an apportionment of the tax among themselves is purely administrative and is for the convenience of the corporations. Thus, when the Government was advised, pursuant to the statutory provisions, that the Sheaffer Company would pay the Kraker Company's tax, it had a right to look to the Sheaffer Company as the Kraker Company's agent in this matter, as it indeed became. Several years elapsed after the filing of the consolidated return, during which period the tax liability of the Kraker Company was under examination by the Commissioner of Internal Revenue, as a result of which inquiry a deficiency was determined against it. During this period of investigation the Sheaffer Company on several occasions gave the waivers which have been set forth in the majority report. The right of the Sheaffer Company to waive the statutory period of limitations for its principal, the Kraker Company, seems beyond question, and the Government had a perfect right to rely upon those waivers, and in fact did so. Certainly in this proceeding which is directed against the Sheaffer Company as a transferee of

the assets of the Kraker Company, it should not be heard to say that it had no authority to waive the statute in behalf of the Kraker Company. Cf. *Lucas* v. *Hunt*, 45 Fed. (2d) 781; *Warner Collieries Co.* v. *United States*, 63 Fed. (2d) 34. While thus an agent of the Kraker Company in its income tax matters, the Sheaffer Company took over the assets of the Kraker Company and became a transferee thereof and under the law may be proceeded against as such transferee. The statute allows an extra year within which to proceed against a transferee beyond the period in which assessment may be made against the original taxpayer, and the facts here show that well within that time the present proceedings were initiated.

SMITH and MCMAHON agree with the above dissent.